Kevin D. Sullivan  (SBN 270343)
Elizabeth Bright  (SBN 280129)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone:   (310) 556-8861
Facsimile:  (310) 553-2165
ksullivan@ebglaw.com
ebright@ebglaw.com

Attorneys for Defendant
GRAYBAR ELECTRIC COMPANY, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN PASTOR, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GRAYBAR ELECTRIC COMPANY, INC., a California foreign corporation; and DOES 1 through 25, inclusive.<br><br>　　　　　Defendants. | Case No.: 2:22-cv-06895<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>**(28 U.S.C. §§ 1332(a), 1441(b), 1446)** |

DEFENDANT GRAYBAR ELECTRIC COMPANY, INC.'S NOTICE OF REMOVAL

FIRM:57021048v1

COMES NOW Defendant Graybar Electric Company, Inc. ("Graybar"), by and through undersigned counsel, and hereby gives notice of the removal to this Court of an action commenced against Graybar in the Superior Court of the State of California for the County of Los Angeles, entitled Susan Pastor v. Graybar Electric Company, Inc., a California foreign corporation; and Does 1 through 25, Inclusive, Case No. 22STCV26947 ("the State Court Action"). This case is being removed, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, to this Court because, based on the allegations of Plaintiff Susan Pastor ("Plaintiff"), there is complete diversity between the parties and more than $75,000 is in controversy. In support of this removal, Graybar respectfully states as follows:

## INTRODUCTION

1. On August 19, 2022, Plaintiff filed the State Court Action. A copy of the Complaint in the State Court Action is attached at Exhibit 1. A copy of the Summons in the State Court Action is attached at Exhibit 2.

2. Graybar was served with the Summons and Complaint in the State Court Action on August 26, 2022.

3. Graybar filed and served an Answer to the Complaint in the State Court Action on September 22, 2022, a true and correct copy of which is attached at Exhibit 3.

4. All other process, pleadings, papers, and/or order filed in the State Court Action are collectively attached and incorporated at Exhibit 4.

5. As set forth more fully below, this action is one that Graybar may remove to this Court under 28 U.S.C. § 1441 because Graybar has satisfied the procedural requirements and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). There is complete diversity between the parties and more than $75,000 in controversy.

2
DEFENDANT GRAYBAR ELECTRIC COMPANY, INC.'S NOTICE OF REMOVAL

FIRM:57021048v1

6. The United States District Court for the Central District of California, Western Division, embraces Los Angeles County, California, where the State Court Action is pending and the action arose.

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed because Graybar was served with the Summons and Complaint in the State Court Action on August 26, 2022.

8. Thus, this action is timely removed pursuant to 28 U.S.C. § 1446.

## REMOVAL BASED ON DIVERSITY JURISDICTION

9. Removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1332(a) because a complete diversity of citizenship exists between Plaintiff and Graybar, and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

### Diversity of Citizenship is Satisfied.

10. The State Court Action was brought in California.

11. For diversity purposes, a natural person is a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004) (internal quotation marks omitted).

12. A corporation is a citizen of the state in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c). A corporation's principal place of business is the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 89–92 (2010).

13. In her Complaint, Plaintiff expressly admits that, at all relevant times, she "was an individual who resided in the County of Los Angeles, State of

1   California," and that she "was and is a citizen of the State of California . . . ."
2   Ex. 1, Compl., ¶ 28. As such, Plaintiff is not a citizen of New York or Missouri.
3       14.   Graybar was and is a corporation incorporated under the laws of the
4   State of New York, with its principal place of business located at 34 N. Meramec
5   Avenue, Clayton, Missouri 63105. Request for Judicial Notice, Ex. A.
6       15.   Thus, for removal purposes, Graybar is a citizen of New York and
7   Missouri. Graybar is not a citizen of California.
8       16.   DOES 1 through 25 also are named as defendants. For purposes of
9   removal jurisdiction, the "citizenship of defendants sued under fictitious names
10  shall be disregarded." 28 U.S.C. § 144l(a).
11      17.   Accordingly, the requisite diversity of citizenship between the parties
12  exists. 28 U.S.C. § 1332(c).

**The Amount in Controversy Requirement is Satisfied.**

14      18.   While denying any liability related to Plaintiff's claims, Graybar
15  need only show by a preponderance of the evidence that the amount in
16  controversy is "more likely than not" to exceed the jurisdictional minimum. *See*
17  *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403–404 (9th Cir. 1996).
18      19.   "Section 1332(a)'s amount-in-controversy requirement excludes only
19  'interest and costs' and therefore includes attorneys' fees." *Gugliemino v. McKee*
20  *Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). The Court thus may consider the
21  aggregate value of compensatory damages, attorney's fees, and other forms of
22  relief sought by Plaintiff. *Id.*
23      20.   Courts are permitted to look to other cases as evidence of the
24  probable amounts sought for punitive damages, emotional distress damages, and
25  attorneys' fees in wrongful termination and related cases. *See, e.g.*, *Simmons v.*
26  *PCR Technology*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002) (denying
27  plaintiffs motion to remand based on the substantial amounts awarded in similar
28  cases).

21. Plaintiff is a former employee of Graybar. Ex. 1, Compl., ¶¶ 1, 20, and 28.

22. Plaintiff claims Graybar terminated her on May 19, 2022 in retaliation against her for making complaints about workplace safety and because of sexual orientation harassment. Ex. 1, Compl., ¶¶ 21, 57–79. In addition, Plaintiff claims that Graybar did not take reasonable steps to provide a safe and secure workplace in violation of California Labor Code section 6400, *et seq*. *Id.* at ¶¶ 30–40. Plaintiff also claims that Graybar acted negligently in hiring, supervising, and retaining employees Steve Davis and Desiree Davis. *Id.* at ¶¶ 41–47. Finally, Plaintiff claims that her termination was wrongful and in violation of public policy. *Id.* at ¶¶ 48–56.

23. Plaintiff seeks (i) compensatory damages, including losses arising from mental and emotional distress and other special and general damages in excess of $350,000; (ii) lost earnings and related expenses in excess of $250,000; (iii) unspecified penalties and wages under the California Labor Code in excess of $150,000; (iv) unspecified back pay and employment benefits; (v) punitive damages in excess of $250,000; and (vi) attorneys' fees and costs in excess of $250,000.[1] *Id.* at Prayer, ¶¶ 1–3, 5–7. Thus, on the basis of Plaintiff's Prayer alone, the amount in controversy far exceeds $75,000, exclusive of interest and costs.

24. Even without the damages specified in Plaintiff's Prayer, the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. At the time of her termination from Graybar, Plaintiff was a full-time employee who was paid an annual wage of $90,000. Ex. 1, Compl., ¶ 4. Thus,

---

[1] Graybar relies on Plaintiff's allegations (and the calculations below) for purposes of establishing the propriety of removal only, subject to and without waiving its position that Plaintiff is not entitled to any damages whatsoever in this action and its general denial of the allegations in the Complaint.

the past lost income Plaintiff seeks relating to the termination of her employment is already approximately $30,000.  Assuming trial in eighteen months, Plaintiff's alleged lost wage income would be approximately $165,000.  In addition, as previously noted, Plaintiff is seeking future lost wages relating to her termination, emotional distress damages, punitive damages, and attorneys' fees.

25.  Based on the foregoing, the amount in controversy in the State Court Action exceeds $75,000, exclusive of interest and costs.

## CONCLUSION

26.  Plaintiff is a citizen of California, and Graybar is a citizen of New York and Missouri.  Plaintiff seeks to recover damages that exceed the jurisdictional minimum of $75,000, exclusive of interest and costs.  Removal to this Court is therefore proper under diversity of jurisdiction.

DATED: September 23, 2022                EPSTEIN BECKER & GREEN, P.C.

By:  /s/ Kevin D. Sullivan
     Kevin D. Sullivan
     Elizabeth Bright

     Attorneys for Defendant
     GRAYBAR ELECTRIC COMPANY, INC.